United States District Court
Southern District of Texas
FILED

NOV 2 6 2002

Michael N. Milby
Clerk of Court

| IN THE UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

MICHAEL B. BRINEGAR §
§
§ CIVIL ACTION NO. B-02-153
vs. § JURY DEMAND
§
§
CITY OF LOS FRESNOS §
§

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

TO THE HONORABLE JUDGE OF THIS COURT:

    NOW COMES Defendant, City of Los Fresnos, and Plaintiff Michael B. Brinegar, in the above-referenced action and file this their Joint Discovery/Case Management Plan.

1.    State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    The initial meeting was held on September 26, 2002 between Michael B. Brinegar, pro se Plaintiff, and Amy L. Gonzales, attorney for Defendant City of Los Fresnos.

2.    List the cases related to this one that are pending in any state or federal court, with the case number and court.

    None.

3.    Specify the allegation of federal jurisdiction.

    Federal Jurisdiction is invoked as Plaintiff has brought suit under federal statute. Specifically, Plaintiff brings claims under Title VII and ADEA claiming that he was not considered for employment by Defendant based on his race and age.

4.    Name the parties who disagree and the reasons.

    The parties do not disagree to the allegation of federal jurisdiction.

5. List anticipated additional parties that should be included, when they can be added, and by who they are wanted.

   The parties do not anticipate any additional parties at this time.

6. List anticipated interventions.

   None anticipated at this time.

7. Describe class-action issues.

   None anticipated at this time.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Defendant has made its initial disclosures. Plaintiff will provide his disclosures by November 1, 2002.

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matter raised in Rule 26(f).

      Rule 26(f)(1)- See response to Number 9.
      Rule 26(f)(2)- Plaintiff and Defendant will conduct discovery based upon claims made and defenses asserted in this lawsuit. Plaintiff and Defendant anticipate discovery will be completed within 120 days.
      Rule 26(f)(3)- No changes need at this time, subject to arrangements of the parties
      Rule 26(f)(4)-none.

   B. When and to whom the plaintiff anticipates it may send interrogatories.

   Plaintiff anticipate sending discovery to Defendant, including Interrogatories, Requests for Admissions, and Requests for Production by January 25, 2003.

   C. When and to whom the defendant anticipates it may send interrogatories.

   Defendant anticipates sending discovery to Plaintiff, including Interrogatories, Requests for Admissions, and Requests for Production by January 25, 2003.

2

D.  Of whom and by when the plaintiff anticipated taking oral depositions.

Plaintiff does not anticipate any depositions at this time.

E.  Of whom and by when the defendant anticipate taking oral depositions.

Defendant anticipates the need to take the depositions of Michael B. Brinegar and all witnesses provided by Plaintiff and Defendant in Rule 26 disclosures.

Defendant anticipates that it may need to take two or three additional depositions of witnesses who may surface as discovery progresses.

Defendant will take these depositions at a time convenient to both Plaintiff and Defendant's counsel.

F.  When the plaintiff (or party the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff anticipates designating his experts and providing reports by November 8, 2002. Defendant anticipates designating its responsive experts and providing reports forty-five days after Plaintiff's designation and a report is filed.

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(b) (experts report).

Plaintiff does not anticipate taking any expert depositions.

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Defendant may depose all experts listed by Plaintiff and will likely do so within forty-five days of their designation and Defendant's receipt of Plaintiff's experts' reports.

3

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    There are no disagreements at this time.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

12. State the date the planned discovery can reasonably be completed.

    Within 120 days from the initial scheduling conference.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties have discussed holding mediation following preliminary discovery.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties have discussed holding mediation following preliminary discovery.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    The parties have discussed holding mediation following preliminary discovery.

16. Magistrate judges may now hear jury and non-jury trials. Indicate that parties' joint position on a trial before a magistrate judge.

    The parties can not presently agree to the use of a magistrate.

17. State whether a jury demand has been made and if it was made on time.

    Plaintiff has timely filed a jury demand.

18. Specify the number of hours it will take to present the evidence in this case.

    At this time, the parties anticipate 2-3 days to try this case, at approximately 8 hours per day.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   There are no pending motions; however Defendant anticipates filing dispositive motions.

20. List other motions pending.

   None at this time; however Defendant anticipates filing dispositive motions.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   None.

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

   Michael B. Brinegar
   111 East 6th Street
   Los Fresnos, TX 78566
   (956) 233-6756
   (956) 233-3332 (Fax)
   Pro Se Plaintiff

   Charles Willette Jr.
   State Bar No. 21509700
   USDC Adm. No 1937
   Attorney in Charge

   Amy Gonzales
   State Bar No. 24029579
   USDC Adm. No. 28489

   WILLETTE & GUERRA, L.L.P.
   International Plaza
   3505 Boca Chica Blvd., Ste. 460
   Brownsville, Texas 78521
   (956) 541-1846
   (956) 541-1893 (Fax)
   Attorneys for Defendant

   Signed on November 26, 2002.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: /s/ Charles Willette
Charles Willette Jr

State Bar No. 21509700
USDC Adm. No 1937
Attorney in Charge for Defendant

Michael B. Brinegar
111 East 6th Street
Los Fresnos, TX 78566
(956) 233-6756
(956) 233-3332 (Fax)
Pro Se Plaintiff

By: /s/ Michael B. Brinegar
Michael B. Brinegar
pro se